IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HOWARD EUGENE REESE, II**                                                      **PLAINTIFF**

v.                                              CIVIL ACTION NO. 3:21-cv-00697-HTW-LGI

**DEPUTY WARDEN SHEILA PARKS**
**AND MDOC**                                                                     **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTTRATE JUDGE

This matter is before the Court *sua sponte*. After consideration of the record and relevant legal authority, the Court recommends that this civil action should be dismissed without prejudice.

I. **BACKGROUND**

*Pro se* Plaintiff Howard Eugene Reese, II ("Plaintiff"), an inmate of the South Mississippi Correctional Facility in Leakesville, Mississippi, filed a Complaint for Violation of Civil Rights under 28 U.S.C. § 1983, wherein he alleges violation of his 5th Amendment rights. *See* Doc. [1]. Plaintiff alleges he was falsely accused of possessing a "sharpened tool," which resulted in his custody level being dropped from a "B to C" and caused him to be transferred to a maximum-security prison.[1] Plaintiff claims a corrections officer "lied . . . [and] Warden Parks took his word instead of watching the camera to see exactly where the tool was found." *Id*. at 4.

On April 20, 2022, the Magistrate Judge entered an Order [13], 1) denying Plaintiff's Motion to Proceed Without Delay [12], ordering Plaintiff to perfect service of process upon Defendants Deputy Warden Sheila Parks and MDOC within (20) days and also ordering Plaintiff to show cause as to why he had not timely perfected service upon the Defendants during the five (5) month period that the case had been pending at that point. *See* Order [13]. The Order [13] also warned Plaintiff that failure to timely comply with the Court's directives may result in the dismissal

---

[1] At the time of the alleged incident, Plaintiff was an inmate at Central Mississippi Correctional Facility, located in Pearl, Mississippi. *See* Complaint [1]

of the Complaint. *Id*. at 2. Plaintiff did not comply with this Order.

On May 16, 2022, after finding that Plaintiff had failed to timely comply with the Court's Order [13], the Magistrate Judge entered a Second Order to Show Cause [14], ordering Plaintiff to perfect service on the Defendants within twenty (20) days and also to show cause as to why he had not timely perfected service upon the Defendants. *See* Order [14]. The Order [14] again warned Plaintiff that failure to timely comply with its directives may result in the dismissal of the Complaint. *Id*. On May 18, 2022, Plaintiff filed a Response to the first Order [13], acknowledging that he had received the Order [13] on April 26, 2023, but he had not complied with the Court's orders, because he had requested assistance from Legal Aid but "ha[d] received no aid." Doc. 15. However, Plaintiff asserted he was "now working with another prisoner to ensure [he was] meeting each Court order." *Id*.

Also on May 18, 2022, Plaintiff filed a Motion for Appointment of U.S. Marshal's Office to Proceed with Service of Summons [16], requesting that this Court appoint someone specially or the U.S. Marshal's office to serve the Defendants. Doc. [16]. On October 13, 2022, the Court denied Plaintiff's Motion for Appoint of U.S. Marshal's Office to Proceed with Service of Summons [16]. *See* Text-only Order, dated 10/13/2022.

Since Plaintiff is proceeding *pro se*, the Court provided Plaintiff with one final opportunity to comply with the Court's prior Orders. On October 13, 2022, the Magistrate Judge, in her Text-only Order, directed Plaintiff to effectuate service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Id*. Plaintiff was again – for the third time – warned that "his failure to timely comply with this Order will result in this cause being dismissed without further notice." *Id*. Plaintiff also failed to comply with the Court's Order.

Plaintiff failed to comply with three court orders. The Court warned Plaintiff – on three occasions – that failure to comply with the Court's orders could lead to the dismissal of this case.

*See* Second Order to Show Cause Order [14]; Order [13] at 2; and Order [4] at 2.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders."). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Plaintiff did not comply with three Court Orders, after being warned that failing to do so would result in the dismissal of his lawsuit. Plaintiff has taken no further action in this case, since he filed a Change of Address, on August 15, 2022, which was more than a year ago. The Court has directed Plaintiff to effectuate service upon the Defendants on multiple occasions, but Plaintiff failed to comply. The Court's last order specifically directed the Plaintiff to effectuate service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Text-only Order, dated October 13, 2022. A review of the docket reveals there has been no activity in this case since the October 13, 2022 Text-only Order.

This Court employed lesser sanctions than dismissal in the form of numerous warnings that Plaintiff's failure to comply would result in the dismissal of this case. "Longstanding precedent indicates that dismissal is appropriate where, as here, the length of the delay has been substantial, Plaintiff has been given multiple opportunities to file the ordered documents, and

5

Plaintiff has been warned that dismissal will result if service of process was not made upon Defendants, pursuant to Rule 4. *See Fox v. Sessums*, No. 3:11-cv-377-CWR-MTP, ECF No. 64 at 2 (S.D. Miss. Feb. 5, 2013) (*sua sponte* dismissing pro se claims for failure to prosecute), *aff'd*, 551 F. App'x 772, 775 (5th Cir. 2014) (finding "the district court properly dismissed these claims under Rule 41(b)").

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's Complaint [1] filed under 42 U.S.C. § 1983 be dismissed without prejudice for Plaintiff's failure to prosecute and comply with the Court's Orders.

## NOTICE OF RIGHT TO OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SO ORDERED**, this the 29th day of September, 2023.

<u>s/ LaKeysha Greer Isaac</u>
UNITED STATES MAGISTRATE JUDGE